IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                              CASE NO. 5:21-CR-50026

DANIEL HARVEY                                               DEFENDANT

<u>ORDER</u>

On November 29, 2021, the Court held a stipulated bench trial in this case. The procedural history and the Court's rulings at trial are memorialized below.

Count One of the Indictment (Doc. 17) charged Mr. Harvey with Possession of an Unregistered Firearm in violation of 26 U.S.C. §§ 5861(d) and 5871. On May 26, 2021, Mr. Harvey filed a notice of his intent to rely on a defense of insanity as to Count One of the Indictment, (Doc. 12), and requested a psychiatric examination be conducted pursuant to 18 U.S.C. § 4242(a), (Doc. 13). Accordingly, Magistrate Judge Christy Comstock ordered an examination be performed to determine Mr. Harvey's competence to stand trial and his mental state at the time of the charged offense. (Doc. 14, p. 2).

In a Forensic Report, filed October 25, 2021, a licensed psychologist with the Metropolitan Correctional Center ("MCC") in Chicago, Illinois, opined that Mr. Harvey "does not appear to be suffering from any severe mental disease or defect that has impacted his ability to understand the legal proceedings and to properly assist his counsel." (Doc. 23, p. 14). On November 4, 2021, the Court issued an order finding there was no reasonable cause to hold a competency hearing. (Doc. 24). Based on the Forensic Report and Mr. Harvey's on-the-record answers at the bench trial, the Court found that

Mr. Harvey was able to understand the legal proceedings against him and to properly aid his attorney in his defense, and he was therefore competent to stand trial.

An Addendum to the Forensic Report was also filed, wherein the MCC psychologist concluded that "[Mr. Harvey's] actions at the times of the alleged offense suggest he was significantly psychologically impaired to the point he did not maintain sufficient capacity to appreciate the nature, quality, and wrongfulness of the behaviors attributed to him." (Doc. 23-1, p. 5). The parties then jointly requested the Court conduct a stipulated bench trial in this matter. In writing (Doc. 28) and on the record at trial, Mr. Harvey waived his right to a jury trial and consented to the Court deciding all issues of law and fact in this case.

Prior to trial, the parties filed a Joint Stipulation, asking the Court find Mr. Harvey not guilty by reason of insanity. (Doc. 26, p. 3). The parties also prepared and signed a Stipulation as to Factual Basis, which was received at trial as Court's Exhibit 1. The Stipulation as to Factual Basis details the facts the Government could prove beyond a reasonable doubt if witnesses were called in this case.

At the bench trial, the Government's counsel read the Stipulation as to Factual Basis into the record and elaborated with additional facts the Government contends it could prove. Mr. Harvey and his counsel stipulated that those facts could be proved by the Government beyond a reasonable doubt.

The Court made the following findings based on the Forensic Report (Doc. 23), the Addendum to the Forensic Report (Doc. 23-1), the Joint Stipulation of Fact (Doc. 26), the Stipulation as to Factual Basis (Ex. 1), and the on-the-record statements by counsel and Mr. Harvey: The Government could present evidence proving beyond a reasonable doubt

that Mr. Harvey committed the act charged in Count One of the Indictment; at the time of that act, Mr. Harvey was suffering from a severe mental disease; and as a result of that disease, Mr. Harvey did not appreciate the nature, quality, and wrongfulness of that act and was therefore legally insane at the time he committed the act. Accordingly, pursuant to 18 U.S.C. § 4242(b), the Court finds Mr. Harvey **NOT GUILTY ONLY BY REASON OF INSANITY** as to Count One of the Indictment.

Having been found not guilty only by reason of insanity, it is **ORDERED** that Mr. Harvey be committed to a suitable facility and a psychiatric or psychological examination of Mr. Harvey be conducted to determine whether his release would create a substantial risk of bodily injury to another person or serious damage of the property of another due to a present mental disease or defect, as required by 18 U.S.C. § 4243(a) and (b). A psychiatric or psychological report should be filed with the Court containing the findings of this examination pursuant to 18 U.S.C. § 4247(b) and (c). The Court will schedule a hearing no later than 40 days from November 29, 2021, to consider the findings of this report pursuant to 18 U.S.C. § 4243(c).

**IT IS SO ORDERED** on this _30th_ day of November, 2021.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE